IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PETER SCHNEIDER, | ) | CASE NO. 1:11 CV 2017 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| Defendant. | ) | |

## Introduction

This is an action for judicial review of the final decision of the Commissioner of Social Security denying the application of the plaintiff, Peter Schneider, for disability insurance benefits. The parties have consented to magistrate judge's jurisdiction.

The Administrative Law Judge ("ALJ"), whose decision became the final decision of the Commissioner, found that Schneider had severe impairments consisting of bipolar disorder; adjustment disorder with anxiety and depression; fibromyalgia; irritable bowel syndrome; and gastroesophageal reflux disease.[1] The ALJ made the following finding regarding Schneider's residual functional capacity ("RFC"):

> After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant has the residual functional capacity to perform a range of light work as defined in 20 CFR 404.1567(b). Specifically, he could lift, carry, push and pull 20 pounds occasionally and ten pounds frequently. He could sit for six hours and stand for six hours in a

---

[1] Transcript ("Tr.") at 13.

>  normal workday. He could occasionally climb ramps and stairs. He could occasionally bend, balance, stoop, kneel, or crawl. He can reach in all directions and can handle, finger, and feel. He was limited to simple, routine tasks that involve no more than simple, short instructions and simple work-related decisions with few workplace changes. He was limited to minimal contact with the general public and infrequent contact with supervisors and coworkers.[2]

The ALJ decided that this residual functional capacity precluded Schneider from performing his past relevant work.[3]

Based on an answer to a hypothetical question posed to the vocational expert at the hearing setting forth the RFC finding quoted above, the ALJ determined that a significant number of jobs existed locally and nationally that Schneider could perform.[4] The ALJ, therefore, found Schneider not under a disability.[5]

Schneider asks for reversal of the Commissioner's decision on the ground that it does not have the support of substantial evidence in the administrative record. Specifically, Schneider argues that the ALJ failed to properly evaluate the opinion of Schneider's treating psychiatrist and that the RFC's limitations should have included a sit/stand option and greater mental limitations.

---

[2] *Id.* at 15.

[3] *Id.* at 18.

[4] *Id.*

[5] *Id.* at 19.

The Court concludes that the RFC finding lacks the support of substantial evidence as to mental limitations incorporated therein. The case must be remanded for further proceedings as fully explained below.

## Analysis

In this case, plaintiff Peter Schneider essentially challenges the RFC finding of the ALJ on several grounds. First, he argues that the ALJ improperly weighed the opinion of his treating psychiatrist, Aurora Ventenilla, M.D. Second, he argues that the RFC finding should have included a sit/stand option. Third, he posits that the RFC finding should have contained additional mental limitations as to the concentration, persistence, and pace required on the job. For all these reasons, he submits that the hypothetical posed to the VE was defective for failure to reflect his limitations greater than those incorporated into the RFC finding.

The ALJ did acknowledge Dr. Ventenilla as a treating psychiatrist and did assign weight to her evaluation – "little."[6] As reasons for the weight assigned, the ALJ pointed to lack of support in progress notes and a wider range of daily activities.[7] Dr. Ventenilla's evaluations opine extreme limitations, which would give Schneider the capability for practically nothing.[8] These extremes ratings are not consistent with progress notes showing

---

[6] *Id.* at 17.

[7] *Id.*

[8] *Id.* at 380-81, 446-47.

Schneider stable with medication[9] and with a work retraining experience in 2007 in which Schneider performed relatively well.[10] Substantial evidence does support the weight assigned by the ALJ to Dr. Ventenilla's opinions.

Regarding the sit/stand option, no medical source suggested such an option. Although there is some indication in the record that Schneider had difficulty standing or sitting for extended periods of time,[11] there is other evidence suggesting that his fibromyalgia or other physical impairments were not severe enough to justify such an option.[12] Substantial evidence does exist for excluding that option from the RFC finding.

There is a problem, however, with respect to the mental limitations in the RFC. The ALJ gave great weight to the opinion of Dr. Lewis, the state agency reviewing psychologist.[13] Dr. Lewis found that Schneider had moderate limitations in concentration, persistence, and pace.[14] Based thereon, she limited Schneider to superficial work at a job without strict time

---

[9] *Id.* at 40.

[10] *Id.* at 334-43.

[11] *Id.* at 332.

[12] *Id.* at 305.

[13] *Id.* at 17.

[14] *Id.* at 382, 397.

pressure and production quotas.[15] The ALJ, however, did not place the limitation on strict time pressures or production quotas in the RFC.[16]

According to the Sixth Circuit's opinion in *Ealy v. Commissioner of Social Security*,[17] whenever an ALJ finds a claimant moderately limited in concentration, persistence, and pace, with specific pace-based limitations indicated, it is error for the ALJ not to include those limitations in the RFC finding.[18] Because the ALJ gave the state reviewing psychologist great weight; and her opinion included pace-based limitations to compensate for moderate impairment in concentration, persistence, and pace; under *Ealy* and its progeny,[19] these limitations should have been included in the RFC finding and the hypothetical to the VE. They were not.

The Commissioner posited at the oral argument that the ALJ did address variability in the RFC and this compensates for the absence of pace-based limitations. But variability problems (changes or tasks performed) and pace problems (speed with which tasks are performed) are different in nature, and pace problems cannot be compensated for with limitations on variability.

---

[15] *Id.* at 385.

[16] *Id.* at 15.

[17] *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504 (6th Cir. 2010).

[18] *Id.* at 516.

[19] *See*, *Raymond v. Comm'r of Soc. Sec.*, No. 1:11 CV 156, 2012 WL 2872152, at *2-4 (N.D. Ohio June 4, 2012).

The Commissioner also argues that the jobs identified by the VE in the DOT would not impose any time pressures or production quotas. This would require, however, *post hoc* rationalization in which the Court would have to predict what the VE would say in response to a hypothetical.

Since the challenge to the hypothetical to the VE follows the challenge to the RFC, if the RFC was defective, then so was the hypothetical. This case must be remanded for a reconsideration of the mental limitations incorporated into the RFC.

## Conclusion

The decision of the Commissioner denying Schneider's application for disability insurance benefits is affirmed in part and reversed in part. The case is remanded for the limited purpose of reconsideration of the mental limitations incorporated into the residual functional capacity finding and for the presentation of a revised hypothetical to the vocational expert if the residual functional capacity finding is amended after reconsideration.

IT IS SO ORDERED.

Dated: February 12, 2013                    s/ William H. Baughman, Jr.
                                            United States Magistrate Judge